# Helping Hand Building & Loan Association, Appellant, *v.* Marsh.

*Building and loan associations—Expiration of charter—Corporations— Mortgage.*

Where the charter of a building and loan association has expired by limitation, and no attempt is made to renew or extend the charter in the manner provided by the Act of April 29, 1874, sec. 40, P. L. 73, but a new corporation is formed with precisely the same name as the old corporation, the new corporation cannot sue on a mortgage given to the old corporation, by one who did not become a member of the new corporation, and this is the case, although the new corporation has the physical possession of the mortgage and other papers of the old corporation and occupies the same office.

Argued May 23, 1901.   Appeal, No. 129, April T., by plaintiff, from judgment of C. P. Warren Co., March T., 1898, No. 19, refusing to take off nonsuit in case of Helping Hand Building & Loan Association v. Melissa Marsh and Critt Marsh.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Scire facias sur mortgage.   Before CRISSWELL, P. J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*D. I. Ball*, with him *E. H. Beshlin*, for appellant.—Under the pleadings in this case, the defendants could not question the corporate right of the plaintiff to sue upon the mortgage : Zion Church v. St. Peters Church, 5 W. & S. 215 ; Fuller v. Eaton, 38 L. I. 278 ; Rheem v. Naugatuck Wheel Co., 33 Pa. 358 ; Union Type Foundry v. Kittanning Insurance Co., 138 Pa. 137 ; Spahr v. Farmers' Bank, 94 Pa. 429 ; Cochran v. Arnold, 58 Pa. 399 ; Johnston v. Elizabeth B. & L. Assn., 104 Pa. 394.

The "renewal," or "extension," or "taking out a new charter" of the association meant in the minds of the members the carrying of the membership, property and business of the old to the new or renewed association, so far as the same might not be voluntarily withdrawn by the members.   Whatever might be technically performed, such was the undoubted substance of the transaction and the real intention of the parties.

A borrowing stockholder cannot attack the charter collaterally, nor do provisions in the charter not authorized by the act of assembly invalidate the charter, nor destroy the corporation : Becket v. Uniontown B. & L. Assn., 88 Pa. 211 ; Miller's Estate, 2 Pearson, 348 ; Albright v. Lafayette B. & S. Assn. 102 Pa. 411 ; Workingmen's B. & L. Assn. v. Coleman, 89 Pa. 428 ; Booz's App., 109 Pa. 592 ; West Harrisburg L. & B. Assn. v. Morganthal, 2 Pearson, 343.

*George H. Higgins*, for appellee.—Under the common law which is in force in this state, a corporation has no legal existence for any purpose whatsoever after the expiration of its charter, and all debts due to or by the corporation are totally extinguished by its dissolution : 1 Blackstone's Comm. 484 ; Building Association v. Anderson, 7 Phila. 106 ; Angell & Ames on Corporations, par. 779 ; 2 Kent's Comm. 307, 308 ; Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207 ; Building Association v. Long et. al., 1 W. N. C. 391.

OPINION BY W. D. PORTER, J., July 25, 1901.

The defendants were members of an incorporated building and loan association named the "Helping Hand B. & L. Association," and in 1888 obtained a loan from the association as a security for which they executed the bond and mortgage now in question, and as a collateral security assigned their stock in the association. The charter of this association by force of its own terms and the provisions of the act of assembly under which it was incorporated expired on September 18, 1893. On October 30, 1893, letters patent were issued to a new corporation, which took the name of that which had become defunct. The records of the formation of this new corporation do not indicate that it had any connection with the corporate body which, on September 18, 1893, had ceased to exist. There was no attempt to comply with the requirements of the Act of April 29, 1874, P. L. 73, sec. 40, as for the renewal of a charter about to expire by lapse of time from its own limitation. The new corporation appropriated the name of the one which had passed out of existence, but the record of its organization gives no hint of an intention to appropriate the assets and assume the liabilities of the defunct body. This was not a case of an irregularity in the renewal of an expiring charter, it was the formation of a new and distinct corporation in the manner provided by law. The commonwealth never renewed or extended the charter of the corporation in favor of which the defendants had executed this mortgage. So far as disclosed by the public records these corporations never had anything in common. The parol testimony establishes that a number of the stockholders of the expiring corporation discussed the advisability of having this charter renewed, but upon the report of a committee they abandoned that idea and no steps were ever taken to continue the corporate existence. The defendants did not become members of the new corporation, and so far as the evidence shows they had nothing to do with the discussion as to the propriety of renewing the charter of the old association.

In December, 1897, a scire facias was issued upon the mortgage, the name of the plaintiff being that which had in turn been used by each of the above mentioned corporations. At the trial the plaintiff offered in evidence the bond and mortgage and then, in turn, the charter of the association which had ex-

pired and the charter of the new corporation.    The difficulty of the position at once became apparent.    The charter of the corporation of which the defendants were members and to which at the time the mortgage was executed they were indebted had expired by lapse of time from its own limitation ; the corporate body had ceased to exist, it could maintain no action :  2 Kent's Comm. 307 ;  Bldg. Association v. Anderson, 7 Phila. 106 ;  Farmers & Mechanics Bank v. Little, 8 W. & S. 207.    The record of organization presented by the new corporation established that it was not operating under a renewal of the old charter, and had not succeeded to the rights and liabilities of the corporation with which the defendants had dealt.    These corporations were distinct entities.    The new corporation could only sustain an action upon the mortgage by showing that by an assignment or in some other legal manner it had succeeded to the rights of the mortgagee. It must show that it had acquired title to the security which it proposed to enforce against the defendants.    This it failed to do.    The learned counsel for the appellant has argued that because the officers of the new corporation produced the mortgage in court it must therefore be held that it has become their property.    The debt secured by a bond and mortgage does not pass by mere delivery of the instruments by which it is evidenced. The defendants may have been indebted to the corporation which had passed out of existence, but the third party who would collect that debt must show his authority for doing so.    The plaintiff produced evidence which tended to show that after the new corporation was formed it moved into the offices which had formerly been occupied by the association of which the defendants were members, and that it took possession of the papers of the defunct corporation.    This did not invest it with the right to collect the debts represented by the securities ; when a man dies his bonds and mortgages do not become the property of the first intruder who takes the papers into his manual possession. There was no error in the refusal of the court below to take off the judgment of nonsuit.

The judgment is affirmed.